IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| AGRIPROCESSORS, INC., ) | |
| ) | |
|     Debtor. ) | Bankruptcy No. 08-02751 |
| --------------------------------------------- | |
| JOSEPH E. SARACHEK, ) | |
| Chapter 7 Trustee, ) | Adversary No. 10-09194 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MITCHEL R. MELTZER, ) | |
|     Defendant. ) | |

**ORDER RE: DEFENDANT'S MOTION TO DISMISS**

This matter came before the Court in a telephonic hearing on Defendant Mitchel Meltzer's Motion to Dismiss. Defendant moved to dismiss Trustee's Complaint to Avoid Fraudulent Conveyances and Preferential Transfers. Meltzer appeared pro se. Trustee was represented by Dan Childers. The Court requested post-hearing briefing and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

**STATEMENT OF THE CASE**

Defendant moves to dismiss Trustee's Complaint to Avoid Fraudulent Conveyances and Preferential Transfers. Defendant argues Trustee fails to specify

which transfers are avoidable as § 548 fraudulent conveyances or § 547 preferential transfers. He thus asserts Trustee's Complaint does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 9(b). In particular, Defendant argues that Trustee failed to plead the fraudulent transfer claim with specificity under the heightened pleading standards of Fed. R. Civ. P. 9(b). Defendant argues Trustee's preference claim should be dismissed because it fails to detail why he was an "insider" under § 547.

Trustee resists Defendant's Motion. Trustee argues that by pleading in the alternative, he has raised a right to relief above the speculative level. Trustee asserts that Rule 9(b) pleading standards do not apply to his claim is for constructive fraud. Trustee also argues that Defendant is an insider under the express terms of § 101(31)(b) because Debtor is a corporation and Defendant was an officer. The Court agrees with Trustee and denies Defendant's Motion to Dismiss.

## FACTS AND PARTIES' ARGUMENTS

Debtor owned and operated one of the nation's largest kosher meatpacking and food-processing facilities in Postville, Iowa. On November 4, 2008, Debtor filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York. Debtor's bankruptcy petition and accompanying documents recited that its financial difficulties resulted from a raid conducted by U.S. Immigration and

2

Customs Enforcement. A total of 389 workers at the Postville facility were arrested. The raid led to numerous federal criminal charges, including a high-profile case against Debtor's President, Sholom Rubashkin. Debtor's Petition also stated it had over 200 creditors and assets and liabilities in excess of $50,000,000.

The court eventually approved the appointment of Joseph E. Sarachek as the Chapter 11 trustee. The court concluded that appointing a trustee was necessary in part "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management" under § 1104(a)(1). After hearings in a later proceeding, the court transferred the case to this Court on December 15, 2008. This Court eventually converted the case to a Chapter 7 bankruptcy. The U.S. Trustee for this region retained Mr. Sarachek as the Chapter 7 trustee.

Trustee filed approximately 150 adversary proceedings in the bankruptcy case. In numerous hearings and filings with the Court, Trustee has noted the many challenges and difficulties investigating the claims, most resulting from the raid and subsequent proceedings. Key people were incarcerated and/or were unwilling to talk. Documents were difficult to locate and to understand without the availability and cooperation of many key plant employees.

3

On November 2, 2010, Trustee filed a Complaint to avoid fraudulent conveyances and preferential transfers. Trustee alleged that within two years of the Petition date, Defendant received thirty avoidable transfers from Debtor totaling $80,119.34. Trustee asks the Court to declare the payments recoverable as fraudulent conveyances under § 548, or preferences under § 547(b).

Defendant moved to dismiss. In support of his motion, Defendant made all of the arguments noted above. Defendant also specifically asserted Trustee failed to offer any supporting facts for the allegation that Defendant was an insider.

## APPLICABLE LEGAL STANDARDS

The Bankruptcy Rules follow the standards of the Federal Rules of Civil Procedure on grounds for dismissal and requirements for pleading. Bankruptcy Rule 7012 specifically notes: "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings." Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

In order to determine whether a complaint states a "claim upon which relief can be granted," courts look to what a party is required to plead. Again, Bankruptcy Rule 7008(a) provides: "Rule 8 F.R.Civ.P. applies in adversary proceedings." Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

4

The Supreme Court recently adopted a heightened pleading standard for claims for relief under Rule 8(a)(2) and the requirements for claims to survive a motion to dismiss under 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (emphasis added). In Sarachek v. The Right Place, Inc. (In re Agriprocessors), No. 10-09123 (Bankr. N.D. Iowa Sept. 30, 2011), the Court applied the plausibility standard under Twombly and Iqbal to Trustee's claims to avoid transfers under § 548 and § 547 of the Bankruptcy Code. The Court incorporates here that Order and its legal conclusions and analysis of Trustee's pleading requirements. See In re Caremerica, Inc., 409 B.R. 346, 350 (Bankr. E.D.N.C. 2009) (setting forth the pleading requirements under Twombly and Iqbal governing trustee's claims for avoidable transfers in an initial opinion, and incorporating the requirements and analysis into related adversary cases with similar procedural posture).

## ANALYSIS

To properly evaluate whether the Complaint satisfies the pleading standards in the Bankruptcy and Federal Courts — as interpreted in Twombly and Iqbal — the Court looks to what those standards require and whether the facts Trustee pleaded

5

for the underlying § 548 and § 547 claims comply.

### 1. Alternative Statements of a Claim

Defendant first argues that Trustee fails to differentiate between which transfers are allegedly § 548 fraudulent conveyances or § 547 preferential transfers. As a result, Defendant argues, Trustee's Complaint should be dismissed because it does not comply with either Rule 9(b) or Rule 8(a). Defendant essentially argues the Complaint fails to provide notice of the charges against him.

As noted above, Fed. R. Bankr. P. 7008 governs general rules of pleading and states that "Rule 8 F.R.Civ.P. applies in adversary proceedings." Rule 8 provides for alternative statements of a claim: "A pleading that states a claim for relief must contain . . . a demand for the relief sought, **which may include relief in the alternative** . . . ." Fed. R. Civ. P. 8(a)(3) (emphasis added). Another subsection of Rule 8 in fact specifically states:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. P. 8(d)(2).

The Court finds that the Complaint is an example of allowable alternative pleading. Count I of the Complaint states that "[w]ithin the two years before the

6

Petition Date, Defendant received thirty payments, detailed on Exhibit "A," attached hereto, from the Debtor."  Trustee's Complaint at ¶8.  The first sentence of Count II states that "[t]o the extent that Defendant provided consideration for the payments, the payments constituted transfers of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor before such transfers were made."  The Complaint thus charges Defendant with either receiving fraudulent conveyances or, alternatively, receiving preferential payments.  The Complaint identifies the specific transfers that are the basis of both charges.  The Complaint has stated allowable alternative claims for relief under Rule 8(d)(2), and is sufficient to place Defendant on notice of the charges against him.

## 2. Fraudulent Transfer Claims (Count I)

Count I of Trustee's Complaint alleges that Defendant received recoverable fraudulent transfers from Debtor under § 548.  Trustee's Complaint seeks to avoid the transfers under § 548(a)(1)(B), the Bankruptcy Code's "constructive fraud" provision.  In re Kendall, 440 B.R. 526, 530 (B.A.P. 8th Cir. 2010).[1]  Under that section, the trustee must establish that the debtor "received less than a reasonably

---

[1] "[S]ome courts have branded the term "constructive fraud" a misnomer, as it implies a state of mind without requiring that a state of mind exist." In re Eubanks, 444 B.R. 415 (Bankr. E.D. Ark. 2010) (citing In re Northgate Computer Systems, Inc., 240 B.R. 328, 365 n.54 (Bankr. D. Minn. 1999) ("Given the intent-neutrality of the statutory elements, it is a misnomer and unnecessarily inflammatory to tag such transactions with the word 'fraudulent.' Nonetheless, the title of § 548 does so.")).

7

equivalent value in exchange for such transfer or obligation; and . . . was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."   11 U.S.C. § 548(a)(1)(B).

In his Complaint, Trustee alleges that Defendant received 31 separate fraudulent conveyances from the Debtor in the two-year prepetition period. Trustee attached an exhibit detailing each transfer amount, check number, check date, and the date each check cleared.   Count I states that "[t]he Trustee is not aware of equivalent value provided to the Debtor from the Defendant in exchange for the payments, and therefore, the Trustee reasonably concludes that the transfers were in exchange for less than a reasonably equivalent value."

Defendant makes two arguments in support of his Motion to Dismiss Count I. First, Defendant argues that because Count I is a claim for fraudulent conveyances, it is governed by Fed. R. Civ. P. 9(b).   As such, Defendant argues that Trustee's fraudulent conveyance claim falls short of the heightened pleading requirements of Rule 9(b).   Second, Defendant argues even if Count I is governed by Rule 8(a), Trustee has not pleaded sufficient facts to support this claim.   In particular, Debtor argues Trustee has failed to sufficiently plead facts showing Debtor received "less than reasonably equivalent value" in exchange for any of the transfers. The Court will analyze each of these arguments separately.

8

> a.  **Rule 9(b) Pleading Standards Do Not Apply to Constructive Fraudulent Transfers.**

Defendant argues that Trustee's claim to recover fraudulent transfers is subject to the heightened pleading requirements of Rule 9(b):

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Bankr. P. 7009 (incorporating Fed. R. Civ. P. 9(b)). As the Court discussed in Sarachek v. The Right Place, Inc., the heightened pleading requirements of Rule 9(b) do not apply to constructive fraudulent transfer claims. No. 10-09123, slip op. at 11–12. Section 548(a)(1)(B) claims must satisfy only the general pleading rules of Rule 8(a) to survive a motion to dismiss. Id. The Court thus rejects Defendant's claim that the Trustee's fraudulent conveyance claim should be dismissed for failing to comply with Rule 9(b).

> b.  **Trustee's Allegations of Constructive Fraud Satisfy the Rule 8(a) Pleading Requirements Specified in Twombly and Iqbal**

Defendant's claim that Trustee failed to offer sufficient plausible facts to support his claim that Debtor received less than reasonably equivalent value in exchange for the payments is similarly unpersuasive. Here, Trustee alleges that he "is not aware of equivalent value provided to the Debtor from the Defendant in exchange for the payments." As the Court concluded in Sarachek v. Right Place,

9

Trustee's allegation that he is not aware of equivalent value is a factual allegation sufficient to support Trustee's claim that Debtor received less than reasonably equivalent value in exchange for the alleged transfers. The allegation satisfies the plausibility standards of Twombly and Iqbal. Sarachek v. Right Place, No. 10-09123, slip op. at 20–21. The allegation also satisfies the purpose of Rule 8(a) to provide Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47) (omission in original). At this stage, the Trustee has plausibly alleged a series of fraudulent conveyances sufficient to "raise the curtain for discovery" into the Trustee's claims. Picard v. Cohmad Securities Corp. (In re Bernard L. Madoff Inv. Securities LLC), No. 09-1305 (BRL), 2011 WL 3274077, at *13 n.16. The parties may utilize the discovery process to develop in more detail the relevant questions of fact.

### 3. Trustee's Preferential Transfer Claims (Count II)

Trustee's Complaint also alleges Defendant received avoidable preferential transfers under § 547(b). Trustee may avoid any transfer of an interest of Debtor in property made "between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider." 11 U.S.C. § 47(b)(4)(B).

Where a debtor is a corporation, the Bankruptcy Code defines "insider" to include an "officer of the debtor." 11 U.S.C. § 101(31)(B)(ii). Defendant argues that simply labeling Defendant an "officer" of the Debtor is not sufficient. Defendant asserts that Trustee failed to offer any supporting facts that Defendant was an "officer" or otherwise an insider under § 547(b)(4)(B).

The Court concludes that Trustee's allegation that Defendant was an "officer" of the corporation is a factual allegation and not a legal conclusion. For the purposes of Defendant's Motion to Dismiss, the Court must accept all of the factual allegations in Trustee's Complaint as true. <u>Twombly</u>, 550 U.S. at 555. This allegation thus triggers the presumption of truth that Defendant was one of Debtor's officers for the purpose of evaluating whether Trustee has pleaded a plausible claim that Defendant was an insider. Being an officer of Debtor is enough to make Defendant a statutory insider under § 101(31)(B)(ii). The Court thus finds that Trustee has plausibly alleged that Defendant was an insider at the time of the alleged preferential transfers. This conclusion on the Motion to Dismiss does not mean that the Court holds Debtor is an officer or insider for purposes of Trustee ultimately prevailing on his claims. It means Trustee has pleaded enough to go forward with his cases. The parties may use the discovery process to ascertain whether Trustee is ultimately correct in alleging that Defendant was one of Debtor's officers. For the

11

purposes of this Motion, Count II of Trustee's Complaint meets the pleading requirements contained in Rule 8(a).

**WHEREFORE**, Defendant's Motion to Dismiss is DENIED.

Dated and entered: September 30, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE